IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MINERVA BALIZAN DIAZ,
MAX P. BACA,

    Plaintiffs,

vs.                                                                                          Civ. No. 11cv1071 MV/KBM

A-1 SELF STORAGE,

    Defendant.

## MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on pro se Plaintiff Minerva Balizan Diaz's application to proceed without prepayment of fees and costs, i.e., *in forma pauperis* ("IFP"), filed December 7, 2011, *see* Doc. 2, and on the Court's concomitant obligation "to review the affidavit and screen her case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

The Court must dismiss the action "at any time if the court determines that" the plaintiff is, in fact, able to pay the filing fees and his "allegation of poverty is untrue," § 1915(e)(2)(A), or if the complaint "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(ii) (iii). *See Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are

mandatory).

## I.  Diaz has failed to submit sufficient documentation to show that she is impoverished.

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that she "cannot because of [her] poverty pay or give security for the costs . . . and still be able to provide [herself] and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

I first note that, although Diaz's Complaint indicates that she lives with Max P. Baca, *see* Doc. 1 at 2, she does not indicate how much of the rent and other expenses for the necessities of life that Baca provides for their joint expenses.  It appears that Max P. Baca is also seeking relief in the Complaint, but Dias does not say why he has not paid the filing fees.  Without more information, therefore, I cannot determine whether Diaz cannot pay for her filing fees because of poverty or whether Baca could pay those fees.  I need not hold a hearing, however, because as discussed below, the Complaint must be dismissed and permission to proceed IFP must be denied.

## II.     Diaz's Complaint does not state a cognizable federal claim.

I first note that Baca did not sign the Complaint and Diaz may not represent him.  *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.").

In screening the Complaint under § 1915(e)(2)(B), the Court resolves the issue of whether it states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6).  *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.  Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to

> relief above the speculative level. In addition, [the Court] must construe a pro se []
> complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted). In screening the Complaint, the Court will accept as true Diaz's allegations and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to her. *See id.* at 1217. But "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based," even in a complaint prepared by a pro se plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1951 (2009) (holding that a court first "identif[ies] the [conclusory] allegations in the complaint that are not entitled to the assumption of truth" but only "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief").

Diaz used a form complaint that alleges violation of § 1983 in both the style area of the complaint and in its jurisdictional statement. *See* Complaint at 1. In the body of the complaint, however, Diaz alleges only that Defendant A-1 Self Storage filed a lien against her "personal effects" "under the New Mexico Storage Act[1]" and is attempting to enforce it; that she tried to file

---

[1] I assume that Diaz is referring to the New Mexico "Self-Service Storage Lien Act," codified at N.M.S.A. 1978 §§ 48-11-1 through - 7. That Act provides, in part,

> When an owner has a lien, it is on *all personal property located at the self-service storage facility* for rent, labor or other charges in relation to the personal property and for expenses necessary for its preservation or expenses reasonably incurred in its sale or other disposition pursuant to the provisions of the Self-Service Storage Lien Act. The lien attaches as of the date the occupant goes into default and continues as long as the owner retains possession of the personal property and until the default is corrected, or a sale is conducted, or the property is otherwise disposed of to satisfy the lien.

N.M.S.A. § 48-11-5 (italics added). Thus, it appears that the Act does not permit the filing of a claim of exemption as a defense to enforcement of the lien.

a "claim of exemptions on execution in State District Court but was refused;" and that she wants to file that exemption claim, plus "a claim for violation of the Federal Fair Debt Collection Practices Act" in this Court. Doc. 1 at 2-3.

Without more, these facts do not state a claim under either § 1983 or the FDCPA. To show a violation of § 1983, Diaz must allege facts establishing that "some person has deprived [her] of a federally protected right;" and "that the person who has deprived [her] of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). A private corporation is not a state actor. Further, "a private party's mere invocation of state legal procedures [does not] constitute[ ] joint participation or conspiracy with state officials satisfying the § 1983 requirement of action under color of law." *Johnson v. Rodrigues*, 293 F.3d 1196, 1205 (10th Cir. 2002).

> The FDCPA
>
> was enacted "to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, --- U.S. ----, 130 S.Ct. 1605, 1608, 176 L.Ed.2d 519 (2010) (citing 15 U.S.C. § 1692(e)). "The Act regulates interactions between consumer debtors and 'debt collector[s],' defined to include any person who 'regularly collects ... debts owed or due or asserted to be owed or due another.' " *Id.* (alteration in original) (quoting §§ 1692a(5), (6)).

*Solomon v. HSBC Mortg. Corp.*, No. 09-6293, 395 Fed. App'x 494, 495, 2010 WL 3069699, *1 (10th Cir. Aug. 6, 2010). Diaz alleges no facts to indicate that A-1 is a debt collector, and her allegations show that A-1 is attempting to collect its own debt through the applicable statutory provisions. Diaz has, therefore, failed to allege facts to show that this case arises under the FDCPA.

"Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). "[T]he party pleading jurisdiction must allege in his pleading the facts

essential to show jurisdiction." *Id.* (internal quotation marks omitted). Because Diaz has failed to allege any facts demonstrating this Court's subject-matter jurisdiction, the Court must dismiss her Complaint. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because Diaz has not stated facts to invoke the subject-matter jurisdiction of this Court, her Complaint must be dismissed and her motion to proceed IFP must be denied.

**IT IS ORDERED** that Diaz's motion to proceed IFP [Doc. 2] is DENIED, and her Complaint is DISMISSED without prejudice.

**FILED this 26th day of January, 2012.**

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**